UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ANTHONY THREATT,

                Plaintiff,                Case No. 2:14-cv-144

v.                                          Honorable R. Allan Edgar

PAUL EYKE et al.,

                Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

        Plaintiff Anthony Threatt, a prisoner incarcerated at Marquette Branch Prison, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

## Discussion

        The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's

request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d

596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals because the actions were frivolous or failed to state a claim. *See Threatt v. Ramsey et al.*, No. 2:09-cv-248 (W.D. Mich. Jan. 6, 2010); *Threatt v. Sec. Classification Comm.*, No. 1:07-cv-12817 (E.D. Mich. July 18, 2007); *Threatt v. Birkett et al.*, No. 2:07-cv-11592 (E.D. Mich. Apr. 16, 2007); *Threatt v. Fowley et al.*, No. 1:91-cv-33 (W.D. Mich. Mar. 4, 1991); *Threatt-El v. Kitchen et al.*, No. 2:91-cv-70336 (E.D. Mich. Feb. 28, 1991). Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. In addition, the Court has denied Plaintiff leave to proceed *in forma pauperis* in several other lawsuits under the three-strikes rule. *See, e.g., Threatt v. Thomas et al.*, No. 2:12-cv-277 (W.D. Mich. Aug. 13, 2012); *Threatt v. Rose et al.*, No. 2:12-cv-274 (W.D. Mich. Aug. 2, 2012); *Threatt v. Perry et al.*, No. 2:12-cv-278 (W.D. Mich. July 19, 2012); *Threatt v. Mich. Dep't of Corr. Parole Bd. et al.*, No. 2:12-cv-335 (W.D. Mich. Dec. 13, 2010).

Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege facts establishing that he is under imminent danger of serious physical injury. In his complaint, Plaintiff repeatedly attempts to invoke the exception to the three-strikes provision by asserting that he is in imminent danger. Plaintiff alleges that he is in imminent danger of serious physical injury for the following reasons: (1) he is surrounded by "gangbangers"

due to his security classification at MBP; (2) several Defendants call him names, which could set off Plaintiff's Post Traumatic Stress Disorder (PTSD); (3) Plaintiff does not have an emergency medical button on his cell door; (4) on June 20, 2014, Defendant Gulsing refused to give Plaintiff his medication for mental illness, high blood pressure, migraine headaches, diabetes and gastroesophageal reflux disease; (5) a prisoner has placed a wire in an outlet to Plaintiff's cell to short circuit Plaintiff's television and create a fire hazard; and (6) the food that Plaintiff consumes in segregation causes his blood sugar to be high.  (Compl., docket #1, Page ID##11-12, 21, 26-27.) Plaintiff also alleges that he is under imminent danger caused by (verbatim):

> . . . Plaintiff being around his defendant's and staffs that set off his trauma and anxiety and panic attacks put Plaintiff at a very high risk for an heart attack, especially with his high blood pressure & cholesterol, gastroesophageal reflux acid disease, chest pains, and diabetes, which Plaintiff blood sugar was at 250 (two fifty) around about April and May of 2014 the nurse's told Plaintiff that the sore's and black bruises on his feets, heels, ankles, leggs, come from not getting enough exercise's, that is stopping the blood circulation from flowing through my leggs, ankles, heels, feets, and that I was dehydrated also from not haven enough water to drink do to not haven a drinking cup to drink water in inside of segregation cell. Medical and mental health staffs both have the power to have me moved to a lower level for medical reasons but they refuse to do so which mean that they are acting with deliberate indifference toward my health and safety?  that violates Plaintiff first, fifth, eighth, ninth, fourteenth, amendments, and the americans with disabilities Act. that falls under the imminent danger exception?  Doing around about March, April, May, 2014.

(*Id.* at Page ID##10-11.)

Congress did not define "imminent danger" in the PLRA, but it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of happening; threatening, menacing, perilous.  Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening." BLACK'S LAW DICTIONARY, 514-15

(6th ed. 1991). "Imminent" is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976). "Imminent danger" is "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense." BLACK'S LAW DICTIONARY, 515 (6th ed. 1991).

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *see also Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007) (holding that assertions of past danger do not satisfy the imminent-danger exception); *Vandiver*, 416 F. App'x at 561-62 (imminent danger must be contemporaneous with the complaint's filing).

Plaintiff's claims that he is in imminent danger as a result of being incarcerated with "gangbangers," of name-calling that may trigger his PTSD, of the possibility of a fire being started by another prisoner, of an emergency going undetected due to the lack of an emergency call button, of food in segregation causing his blood sugar to be too high, and of a future heart attack are far too speculative to establish that he is in real and proximate danger of serious physical injury. (Compl., docket #1, Page ID##11-12, 21, 26-27); *see also Swenson v. Pramstaller*, 169 F. App'x 449, 450 (6th Cir. 2006) (prisoner's claim that his propensity to sleepwalk placed him under imminent danger of

serious physical injury from a cell-mate or the "prison population as a whole" was speculative). Further, Plaintiff does not sufficiently allege that he is in imminent danger of dehydration due to the lack of a cup in his cell. Plaintiff does not allege that drinking water is unavailable in his cell. Nor does he state that he is on water restriction. *See* Mich. Dep't of Corrs. Policy Directive 04.05.120 (Segregation Standards), ¶¶GG-HH (effective Sept. 27, 2010) (describing when a prisoner may be placed on water restrictions). If Plaintiff does not have access to a cup, he can drink directly from the faucet. *See Gillilan v. Paul,* No. CV608-051, 2008 WL 2942100, at *2 (S.D. Ga. July 29, 2008) (The lack of running water in a cell fails to meet the requirements of the imminent danger exception). For all these reasons, Plaintiff fails to satisfy the imminent-danger exception.

Moreover, Defendant Gulsing's refusal to give Plaintiff his medication on June 20, 2014, occurred in the past, and, thus, is insufficient to invoke the imminent danger exception. *See Pointer*, 502 F.3d at 371 n.1. In addition, Plaintiff's allegations of bruises on his feet and legs due to the lack of exercise, which occurred in March, April or May 2014, also does not satisfy the exception to the three-strikes rule. *See id.*; *see also Green v. Curtin*, No. 1:10-cv-1009, 2010 WL 4318915, at *3 (W. D. Mich. Oct. 22, 2010) (finding that past confinements that deprived the plaintiff of 6 ½ months of outdoor exercise and possibly contributed to the plaintiff's weight gain and diabetes failed to satisfy the exception to the three-strikes rule). The Court also notes that Plaintiff fails to demonstrate that further injury is imminent. A prisoner in segregation receives one-hour a day, five days a week out-of-cell exercise. *See* MDOC Policy Directive 04.05.120, ¶V(21). Plaintiff may also exercise in his cell on his own. The Court therefore concludes that Plaintiff fails to allege an imminent danger of serious physical injury.

In summary, Plaintiff's allegations do not satisfy the imminent danger exception to the three-strikes rule.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee.

Dated: 8/29/2014                              /s/ R. Allan Edgar
                                              R. ALLAN EDGAR
                                              UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**